IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USA DEBUSK, LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 17-3810 |
| DEEP SOUTH DREDGING, INC., | § § § | |
| Defendant. | § | |

**ORDER**

USA Debusk LLC sued Deep South Dredging in state court, alleging negligence and seeking damages for lossing stemming from a capsized dredging vessel. Deep South Dredging timely removed on the basis of diversity jurisdiction, and Debusk has moved to remand. (Docket Entry Nos. 1, 6). Deep South is a citizen of Louisiana. Debusk argues that diversity is lacking because one of its members is an LLC that has two individual members who are citizens of Louisiana. (Docket Entry No. 6). According to Debusk, Deep South incorrectly alleged in the Notice of Removal that the members of Debusk Holdings LLC, the sole member of USA Debusk LLC, were five individuals and one LLC entity. Debusk claims that the sole member of Debusk Holdings LLC was actually DSG Holdco LLC and that two individual members of DSG Holdco were Louisiana residents. Debusk provides the declarations of its general counsel and two Louisiana residents who are members of DSG Holdco LLC. (Docket Entry No. 6-1).

Deep South responds that the available public records conflict with the declarations Debusk submitted. Deep South provides records from the Texas Franchise Tax Public Information Reports that do not list DSG Holdco LLC as a member of Debusk Holdings LLC. (Docket Entry No. 13-1).

1

Given the conflicting evidence, Deep South requests limited discovery on this issue.

The parties also filed an agreed motion to stay so that the Louisiana federal court where a related case is filed may determine its jurisdiction. (Docket Entry No. 9). The problem is that the parties have not asked the Louisiana court to make that determination; no motion to dismiss for lack of jurisdiction has been filed. A review of the complaint in the Louisiana case reveals that it alleges federal maritime jurisdiction. *See Dredging Supply Rental, et al. v. USA Debusk, LLC*, Case No. 2:17-cv-12200-JTM-MBN (Docket Entry No. 1). There is no basis to grant a stay at this point. And when, as here, the court's jurisdiction and authority to proceed is challenged, the issue should be decided promptly. FED. R. CIV. P. 12; *see Hernandez v. State Farm Mut. Auto. Section Ins. Co.*, 2013 WL 5707795, at *2 (E.D. La. Oct. 18, 2013) (denying motion to stay because the court lacked subject matter jurisdiction) (citing *Gregory v. Mitchell*, 634 F.2d 199, n.2 (5th Cir.1981)). Because there is a valid dispute over subject matter jurisdiction, the jurisdictional issue should be resolved before addressing the motion to stay.

The parties are ordered to engage in limited jurisdictional discovery on the issue of Debusk's citizenship. A hearing to argue the motion to remand in light of the jurisdictional discovery is set for **Monday, February 26, 2018 at 2:00 p.m.** The parties should also be prepared to argue the motion to stay. The initial conference, originally set for February 16, is postponed in favor of the Feb 26 hearing. Scheduling matters will be addressed at that hearing, if appropriate.

SIGNED on February 9, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

2